FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 12, 2026**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN HANSEL, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>TEKSYSTEMS, INC., a Maryland Corporation; META PLATFORMS, INC., a Delaware Corporation,<br><br>            Defendants. | No. 4:25-cv-05144-RLP<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

      BEFORE THE COURT are Defendants' Motion to Dismiss, ECF No. 10, Motion to Strike Plaintiff's Declaration, ECF No. 13, and Expedited Motion to Strike Plaintiff's Notice of Supplemental Authority, ECF Nos. 15 and 16. A hearing was held on the pending motions on February 10, 2026. Jon Singer and Bill Symmes appeared on behalf of Defendants TEKsystems, Inc. and Meta Platforms, Inc. Kevin Roberts appeared on behalf of Plaintiff Justin Hansel.

      For the reasons set forth below, Mr. Hansel's complaint is dismissed with leave to amend. Defendants' requests to Strike Mr. Hansel's declaration and Notice are granted.

ORDER DISMISSING COMPLAINT * 1

# BACKGROUND[1]

Plaintiff Justin Hansel alleges he interviewed with Defendant TEKsystems for a project manager position with Defendant Meta in March-April of 2025. ECF No. 1-1, ¶¶6-11. On April 3, 2025, Joseph Childers, a TEKsystems recruiter, asked Mr. Hansel about his earliest start date. *Id*. Mr. Hansel responded that the earliest he could start would be May 21, 2025, citing $20,000 in unvested stock with his current employer. *Id*. Mr. Childers responded Meta needed an earlier start date and "represented employment terms that would result in [Mr.] Hansel making as much or more than the stocks that would vest." *Id*.

On April 9, 2025, Mr. Hansel gave notice of resignation to his employer. *Id*. On the same day, Mr. Hansel received and signed a written conditional offer of employment from TEKsystems. *Id*.

On April 10, 2025, TEKsystems informed Mr. Hansel that Meta had instated a hiring freeze. ECF No. 1-1, ¶¶12-14. On May 28, 2025, Mr. Childers recommended Mr. Hansel resume employment with his prior employer. *Id*. Mr. Hansel returned to his old position, but was unable to claim his vested stocks. *Id*.

Based on these facts, Mr. Hansel commenced this action in Washington

---

[1] Unless otherwise noted, the following facts are taken from Mr. Hansel's Complaint, ECF No. 1-1.

ORDER DISMISSING COMPLAINT * 2

1  State Superior Court on September 24, 2025. ECF No. 1-1. Defendants removed

2  the case to federal court based on diversity of citizenship. ECF No. 1.

3        Defendants thereafter filed the instant Motion requesting that the Court

4  dismiss the complaint. ECF No. 10. Mr. Hansel attached to his response a

5  declaration alleging facts not included in the Complaint. ECF No. 12-2.

6  Defendants requested that the declaration be stricken because it introduced new

7  facts outside the four corners of the Complaint. ECF No. 13, 2-3. This prompted

8  Mr. Hansel to file a Notice of Supplemental Authority, instructing the Court to

9  consider his declaration and convert Defendants' motion into one for summary

10 judgment.

11                                 DISCUSSION

12 *Motion to Dismiss*

13       Mr. Hansel's Complaint alleges claims for Breach of Contract; Promissory

14 Estoppel; Negligent Misrepresentation; and Vicarious Liability. ECF No. 1-1

15 Defendants request dismissal of all claims. ECF No. 10. Mr. Hansel opposes the

16 Motion but fails to set forth arguments responsive to Defendants' Motion. *See* ECF

17 No. 12. The Court agrees with Defendants that Mr. Hansel's Complaint does not

18 sufficiently plead the required elements of the causes of actions raised.[2]

19

20       [2] As discussed during oral argument, the Court finds that by failing to

ORDER DISMISSING COMPLAINT * 3

1    Federal Rule of Civil Procedure 12(b)(6) allows a party to move for
2    dismissal if the plaintiff has failed to state a claim upon which relief can be
3    granted.³ Dismissal under this rule is proper only if there is either a "lack of a
4    cognizable legal theory" or "the absence of sufficient facts alleged under a
5    cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015);
6    *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When
7    considering a 12(b)(6) motion, the Court accepts the allegations in the complaint as
8    true and construes the pleading in the light most favorable to the party opposing
9    the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).
10   However, this does not require the Court "to accept as true legal conclusions
11   couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221
12   (9th Cir. 2020).

---

respond to Defendants' arguments concerning dismissal of breach of contract, negligent misrepresentation and vicarious liability, Mr. Hansel waived argument as to these issues. *See Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005). However, this Order sets forth the pleading deficiencies identified to ensure any amendment complies with applicable pleading standards.

³ A federal court sitting in diversity applies state substantive law and federal procedural law. *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003).

ORDER DISMISSING COMPLAINT * 4

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007); *see also Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

    1. <u>Promissory Estoppel</u>

Defendants contend that Mr. Hansel cannot sustain a claim for promissory estoppel because he fails to plead facts establishing that a promise was made and that his reliance was justifiable. Mr. Hansel responds that whether his reliance was justified is a question of fact improper for dismissal.

To assert a claim for promissory estoppel, Mr. Hansel must plead: "(1) [a] promise which (2) the promisor should reasonably expect to cause the promisee to change his position and (3) which does cause the promisee to change his position

ORDER DISMISSING COMPLAINT * 5

1  (4) justifiably relying upon the promise, in such a manner that (5) injustice can be

2  avoided only by enforcement of the promise." *Havens v. C & D Plastics, Inc.*, 124

3  Wn.2d 158, 172, 876 P.2d 435 (1994) (citing *Klinke v. Famous Recipe Fried*

4  *Chicken, In*c., 94 Wn.2d 255, 259 n.2, 616 P.2d 644 (1980).

5        The Complaint alleges that Defendants promised Mr. Hansel employment

6  with Meta; that Defendants should have reasonably expected this promise to cause

7  Mr. Hansel to resign from his current employer in order to accept this position with

8  Meta, and were aware that he would lose his soon to vest stock; that Mr. Hansel

9  justifiably relied on Defendants' promise; and that injustice can only be avoided by

10  enforcing the promise of that employment and recovery of damages from the

11  breached promise. ECF No. 1-1, ¶¶21-26.

12        Although Mr. Hansel pleaded the elements for promissory estoppel, his

13  Complaint does not set forth facts that match up to the required elements. While

14  Mr. Hansel has alleged TEKsystems made a promise of future employment, he has

15  not alleged facts indicating TEKsystems made a clear and definite promise of

16  benefits that would accrue should Mr. Hansel should resign from his current job

17  before May 21, 2025. Without alleging the existence of a specific promise tied to

18  his decision regarding early resignation, Mr. Hansel cannot state a claim for

19  promissory estoppel. This claim must be dismissed.

20        2. <u>Breach of Contract</u>

ORDER DISMISSING COMPLAINT * 6

1   To prevail on a breach of contract claim, Mr. Hansel must plead the
2   following elements: (1) a contract that imposed a duty, (2) breach of that duty, and
3   (3) an economic loss as a result of the breach. *Myers v. State*, 152 Wn.App. 823,
4   827-29, 218 P.3d 241 (2009) (citing *Nw. Indep. Forest Mfrs. v. Dep't of Labor &
5   Indus.*, 78 Wn.App. 707, 712, 899 P.2d 6 (1995).

6   The Complaint alleges that Meta, "through its agent TEKsystems," offered
7   Mr. Hansel employment, thereby creating a valid agreement between the parties,
8   which Meta and TEKsystems "materially breached" by refusing to hire Mr. Hansel
9   after he had accepted the offer. ECF No. 1-1, ¶¶16-20.

10  Mr. Hansel's citation to *Comeaux v. Brown & Williamson Tobacco Co.* is
11  instructive. 915 F.2d 1264, 1270 (9th Cir. 1990). In *Comeaux*, the Court assessed
12  that because the plaintiff was never assigned work, the parties never reached the
13  point in which the contract became effective. So too here. Mr. Hansel's grievance
14  appears to be with the breach of a pre-contractual understanding. Specifically, Mr.
15  Hansel appears to believe that if he agreed to an earlier start date he would be
16  compensated for any loss of stock with his current employer. Mr. Hansel does not
17  allege the existence of an enforceable contract memorializing the terms of this
18  understanding. Absent the allegation that these terms were included in an
19  enforceable contract, his Complaint does not allege a plausible claim to relief for
20  breach of contract against either Defendant. This claim is dismissed.

ORDER DISMISSING COMPLAINT * 7

3. <u>Negligent Misrepresentation</u>

To assert a claim for negligent misrepresentation, Mr. Hansel must allege: (1) the defendant supplied information for the guidance of others in their business transactions that was false, (2) the defendant knew or should have known that the information was supplied to guide the plaintiff in his business transactions, (3) the defendant was negligent in obtaining or communicating the false information, (4) the plaintiff relied on the false information, (5) the plaintiff's reliance was reasonable, and (6) the false information proximately caused the plaintiff damages. *Ross v. Kirner,* 162 Wn.2d 493, 172 P.3d 701 (2007*)* (citing *Lawyers Title Ins. Corp. v. Baik,* 147 Wn.2d 536, 545, 55 P.3d 619 (2002)).

The Complaint alleges that TEKsystems, on behalf of Meta, represented there was an open position for him at Meta, and guided him to terminate his current employment; that he would be compensated in an amount that would exceed the loss of vesting stocks; that the representations were false; and that Mr. Hansel justifiably relied on these false representations, causing damages. ECF No. 1-1, ¶¶27-31.

Mr. Hansel's Complaint does not set forth facts sufficient to support the elements for negligent representation. He does not allege that TEKsystems knew or should have known that any of its representations were false at the time they were made. To the contrary, the Complaint suggests Meta's hiring freeze was not

ORDER DISMISSING COMPLAINT * 8

instated until April 10, 2025, after the representation was made. Absent any allegation that TEKsystems had advanced knowledge of the hiring freeze or identifying what was negligent about TEKsystems' conduct, Mr. Hansel's claim for negligent misrepresentation, as alleged, fails.

### 4. Vicarious Liability

Mr. Hansel's complaint alleges an independent cause of action for vicarious liability. Washington law does not recognize an independent cause of action for vicarious liability. *M. L. v. Craigslist Inc.*, 2020 WL 6434845 at *16 (W.D. Wash. Apr. 17, 2020), report and recommendation adopted, 2020 WL 5494903 (W.D. Wash. Sept. 11, 2020). However, a principal may be held vicariously liable for the conduct of its "agent." *Wilcox v. Basehore,* 187 Wn.2d 772, 789-90, 389 P.3d 531 (2017). Accordingly, Mr. Hansel's independent cause of action for vicarious liability is dismissed. Should Mr. Hansel choose to amend his complaint, he may continue to argue that Meta is vicariously liable for TEKsystems' breach, and/or that TEKsystems is vicariously liable for Mr. Childers' breach.

*Motion to Strike*

Defendants contend that the Court should strike Mr. Hansel's declaration because it introduces new facts not asserted in the Complaint; and his Notice of Supplemental Authority because it is untimely and procedurally improper. The Court agrees with Defendants.

ORDER DISMISSING COMPLAINT * 9

While Federal Rule of Civil Procedure 12(d) permits the Court to treat a motion to dismiss as one for summary judgment if matters outside the pleading are presented, the rule caveats that "[a]ll parties must be given reasonable opportunity to present all material that is pertinent to the motion." "[A] litigant must be given reasonable notice that the sufficiency of his or her claim will be in issue: 'Reasonable notice implies adequate time to develop the facts on which the litigant will depend to oppose summary judgment.'" *Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993); *see also Greystone Nev., LLC v. Anthem Highlands Cmty. Ass'n*, 549 F. App'x 621, 623 (9th Cir. 2013) (unpublished) (where issue is "central[ ]" to litigation, FRCP 12(d) requires that party is "afforded an opportunity to present evidence and argument" before court effectively grants summary judgment).

Mr. Hansel's declaration raises facts outside the pleadings. Defendants have had no opportunity to introduce evidence or argument in response to these facts. That Defendants attached the contract to its Motion to Dismiss does not change the analysis.[4] Mr. Hansel's declaration is therefore stricken.

---

[4] *See Branch v. Tunnell,* 14 F.3d 449, 453 (9th Cir.1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered

ORDER DISMISSING COMPLAINT * 10

As discussed herein, the statement of law set forth in Mr. Hansel's Notice of Supplemental Authority is legally incorrect as applied to the instant pleadings. The Notice is therefore stricken.

## CONCLUSION

For the reasons set forth above, Defendants pending Motions are granted. Mr. Hansel's Complaint is dismissed with leave to amend in keeping with this opinion.

**Accordingly, IT IS ORDERED:**

1. Plaintiff's Complaint, **ECF No. 1-1**, is **DISMISSED** with leave to amend within 30 days of this order.

2. Defendants' Motion to Dismiss, **ECF No. 10**, is **GRANTED**.

3. Defendants' Motion to Strike, **ECF No. 15**, is **GRANTED**.

4. Defendants' Motion to Expedite, **ECF No. 16**, is **GRANTED**.

5. Mr. Hansel's declaration at **ECF No. 12-2** and Notice of Supplemental Authority at **ECF No. 14** are hereby **STRICKEN**.

**IT IS SO ORDERED.** The Court Clerk is directed to enter this Order and provide copies to counsel.

---

in ruling on a Rule 12(b)(6) motion to dismiss."). Mr. Hansel does not question the authenticity of the Agreement or request that it be stricken from the record.

DATED: February 12, 2026

‎_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE